# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY RYAN RENTERIA, Booking No. 18140293, <br><br> Plaintiff, <br><br> vs. <br><br> SAN DIEGO POLICE DEP'T; DOES 1-25, <br><br> Defendants. | Case No. 19-cv-00952-BAS-JLB <br><br> **ORDER:** <br><br> **1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]** <br><br> **AND** <br><br> **2) DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b)** |

Jeffrey Ryan Renteria ("Plaintiff"), currently detained at the San Diego Central Jail ("SDCJ"), and proceeding *pro se*, has filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983. (ECF No. 1.) In addition, Plaintiff has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). (ECF No. 2.) For the reasons herein, the Court grants Plaintiff's IFP motion. Conducting a mandatory screening of his complaint, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted and that this case must be dismissed under the *Younger* abstention doctrine.

## I. Motion to Proceed *In Forma Pauperis*

In order to institute a civil action, Plaintiff must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite his failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews*, 493 F.3d at 1051; *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, because he is a prisoner, even if he is granted leave to proceed IFP, Plaintiff remains obligated to pay the entire filing fee in "increments" or "installments," *Bruce v. Samuels*, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005) (hereafter *"King"*). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted a Prison Certificate issued by an SDCJ Correctional Officer attesting to his trust account activity and balances for the 6-

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

month period preceding the filing of his Complaint. *See* ECF No. 2; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. This certificate shows that Plaintiff has carried a $36.75 average monthly balance, has had an average $132.50 monthly deposit to his account, and an available balance of $220.49 on the books at the time of filing. *See* ECF No. 2 at 6. Based on this accounting, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2) and assesses an initial partial filing of $26.50 pursuant to 28 U.S.C. § 1915(b)(1).

However, the Court will direct the Watch Commander of the SDCJ, or their designee, to collect this initial fee only if sufficient funds are available in Plaintiff's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered."). The remaining balance of the $350 total fee owed in this case must be collected and forwarded to the Clerk of the Court by the SDCJ, and any subsequent "agency having custody of the prisoner," pursuant to 28 U.S.C. § 1915(b)(1) and (2).

**II. Initial Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

**A. Standard of Review**

Because Plaintiff is a prisoner and is proceeding IFP, his complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'"

*Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

B.   **Plaintiff's Allegations**

On July 27, 2018, San Diego Police Officers ("SDPO") Calvert and Yeatman "responded to a radio call for "sleeper in vehicle." (Compl. at 1.) It appears that Plaintiff was living in his vehicle. Calvert and Yeatman conducted an "inventory search" of the vehicle looking for "contraband." (*Id.* at 1–2.) Plaintiff claims this search violated his constitutional rights. (*Id.*) Plaintiff argues that "in August of 2018, U.S. District Judge Anthony Battaglia ruled that the sleeper in vehicle ordinance was unconstitutional." (*Id.* at 2.)

During the search, "a false plate was discovered on the Plaintiff's vehicle." (*Id.* at 3.) Plaintiff claims he "emerged from the vehicle" and was "questioned about the false

plate that did not match the VIN registration." (*Id.*) Plaintiff requested a lawyer and was "immediately placed under arrest." (*Id.*) Plaintiff claims Officer Calvert "called her Sergeant about the false plate and learned it was not a bookable offense." (*Id.*) Plaintiff alleges Officer Yeatman "began to rummage around the Plaintiff's vehicle looking for contraband." (*Id.*) During the search, "Officer Yeatman discovered 2 colt revolver pistols in a hard case that was located inside a gym bag inside the Plaintiff's vehicle." (*Id.*) A "bullet proof vest" was also found during the search. (*Id.* at 3–4.) Officer Yeatman "then removed these items" and placed them "on the hood of Officer Calvert's police cruiser" which "indicat[ed] that a seizure was taking place as part of a criminal investigation." (*Id.* at 4.) Plaintiff alleges that he "was not advised that he was being arrested for having a false plate on his vehicle but only that he was being arrested for sleeping in his vehicle." (*Id.* at 6.) Plaintiff claims Officers Yeatman and Calvert "vacillated back and forth between an arrest for sleeping in vehicle and false plates, neither of which are arrestable offenses or basis for probable cause for a warrantless search or seizure." (*Id.*) Moreover, Plaintiff contends that the Officers "had no reasonable basis to believe that Plaintiff presented a physical threat to the Officers or would flee." (*Id.*) Plaintiff was not "given a ticket for sleeping in vehicle, false plates, or expired registration." (*Id.* at 7.) Plaintiff was "held unlawfully" as a "ruse to search for something they could arrest him for." (*Id.*)

During "Plaintiff's trial for felony possession of a firearm," Officer Yeatman testified that he "usually leaves firearms and bulletproof vests inside a civilian's vehicle" and "locks the vehicle for towing." (*Id.* at 4.) Plaintiff claims Officer Yeatman also testified that he did not suspect that Plaintiff was a felon at the time of the search. (*See id.*) Plaintiff believes this shows there was no "probable cause" to begin a "criminal investigation." (*Id.* at 5.) Plaintiff also claims that "once Officer Calvert learned that there was no probable cause for arrest based on false plates, she had a duty to release" Plaintiff. (*Id.*) Plaintiff claims that "Officer Calvert gave conflicting testimony at trial claiming that the Plaintiff was only detained for their safety even though the Plaintiff was barefoot in pajamas." (*Id.* at 6.)

5

Plaintiff claims the "unlawful search resulted in the Plaintiff being arrested and jailed from the date of the incident (ten months at date of filing) without trial." (*Id.* at 10.) Plaintiff seeks $10,000,000 in damages. (*Id.*)

### C. Sufficiency of Plaintiff's Claims Under 42 U.S.C. § 1983

Plaintiff raises his claims pursuant to 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035–36 (9th Cir. 2015). Based on the applicable law interpreting Section 1983, Plaintiff's claims are subject to dismissal.

First, Plaintiff has named only the "San Diego Police Department" as a Defendant. However, departments of municipal entities are not "persons" subject to suit under § 1983; therefore, a local law enforcement department (like the San Diego Police Department) is not a proper party. *See Vance v. Cty. of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) ("Naming a municipal department as a defendant is not an appropriate means of pleading a § 1983 action against a municipality.") (citation omitted); *Powell v. Cook Cty. Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) ("Section 1983 imposes liability on any 'person' who violates someone's constitutional rights 'under color of law.' Cook County Jail is not a 'person.'").

"Persons" under § 1983 are state and local officials sued in their individual capacities, private individuals and entities which act under color of state law, and/or the local governmental entity itself. *Vance*, 928 F. Supp. at 995-96. The San Diego Police Department is managed by and/or a department of the City of San Diego, but it is not a "person" subject to suit under § 1983. *See United States v. Kama*, 394 F.3d 1236, 1239 (9th Cir. 2005) ("[M]unicipal police departments and bureaus are generally not considered 'persons' within the meaning of section 1983."); *Rodriguez v. Cty. of Contra Costa*, No: C 13–02516 SBA, 2013 WL 5946112, at *3 (N.D. Cal. Nov. 5, 2013) (citing *Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir. 1995)) ("Although municipalities, such as cities and counties,

6

19cv952

are amenable to suit under *Monell [v. Dep't of Soc. Servs,* 436 U.S. 658 (1978)], sub-departments or bureaus of municipalities, such as the police departments, are not generally considered "persons" within the meaning of § 1983."); *Nelson v. Cty. of Sacramento*, 926 F. Supp. 2d 1159, 1170 (E.D. Cal. 2013) (dismissing Sacramento Sheriff's Department from section 1983 action "with prejudice" because it "is a subdivision of a local government entity," *i.e.*, Sacramento County); *Gonzales v. City of Clovis*, No. 1:12–cv–00053-AWI-SKO, 2013 WL 394522 (E.D. Cal. Jan. 30, 2013) (holding that the Clovis Police Department is not a "person" for purposes of section 1983); *Wade v. Fresno Police Dep't*, No. 1:09-CV-0599 AWI DLB, 2010 WL 2353525, at *4 (E.D. Cal. June 9, 2010) (finding the Fresno Police Department to not be a "person" under section 1983). Therefore, Plaintiff cannot pursue any § 1983 civil rights claims against the San Diego Police Department.

To the extent Plaintiff intends to assert a claim against the City of San Diego itself, his allegations are also insufficient. A municipal entity is liable under section 1983 only if Plaintiff alleges his constitutional injury was caused by employees acting pursuant to the municipality's policy or custom. *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977); *Monell*, 436 U.S. at 691; *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008). The City of San Diego may not be held vicariously liable under section 1983 simply based on allegedly unconstitutional acts of its employees. *See Board of Cty. Comm'rs. v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691 ("[A] a municipality cannot be held liable solely because it employs a tortfeasor."); *Jackson v. Barnes*, 749 F.3d 755, 762 (9th Cir. 2014). Instead, the municipality may be held liable "when execution of a government's policy or custom . . . inflicts the injury." *Monell*, 436 U.S. at 694.

Finally, Plaintiff may not use the Civil Rights Act, 42 U.S.C. § 1983, as a vehicle by which to enjoin ongoing state criminal proceedings. Federal courts may not interfere with ongoing state criminal, quasi-criminal enforcement actions, or in civil "cases involving a state's interest in enforcing the orders and judgments of its courts," absent extraordinary

7

19cv952

circumstances. *See Younger v. Harris*, 401 U.S. 37, 43–54 (1971); *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 77 (2013); *Cook v. Harding*, 879 F.3d 1035, 1039 (9th Cir. 2018), *pet. for cert. filed*, (U.S. April 30, 2018) (No. 17-1487); *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014).

A court may consider *sua sponte* whether *Younger* abstention should be invoked at any point in the litigation. *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000); *Augustin v. Cty. of Alameda*, 234 Fed. Appx. 521 (9th Cir. 2007)); *Salmons v. Oregon*, No. 1:17-CV-01104-MC, 2017 WL 3401270, at *5 (D. Or. Aug. 8, 2017). Abstention is proper regardless of whether the applicant seeks declaratory relief, injunctive relief, or damages. *See Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986) ("When a state criminal prosecution has begun, the *Younger* rule directly bars a declaratory judgment action" as well as a section 1983 action for declaratory relief and damages "where such an action would have a substantially disruptive effect upon ongoing state criminal proceedings."); *Gilbertson v. Albright*, 381 F.3d 965, 984 (9th Cir. 2004) (en banc) (*Younger* abstention applies to actions for damages as it does to declaratory and injunctive relief).

Here, Plaintiff alleges his San Diego criminal proceedings commenced as the result of his arrest on June 27, 2018 and are still ongoing at the time he filed his Complaint. (*See* Compl. at 10.) State proceedings are deemed ongoing until appellate review is completed. *See Gilbertson,* 381 F.3d at 969 n.4 (citation omitted); *Huffman v. Pursue*, 420 U.S. 592, 608 (1975) ("[A] necessary concomitant of *Younger* is that a party . . . must exhaust his state appellate remedies before seeking relief in the District Court.").

There is no question that whatever the specific nature of Plaintiff's current criminal charges, they implicate important state interests, and "involve [the] state's interest in enforcing orders and judgments of its courts." *Sprint*, 134 S. Ct. 593–94; *ReadyLink*, 754 F.3d at 759. Specifically, Plaintiff claims that his arrest was "unlawful" and a violation of his constitutional rights. (*See* Compl. at 7.) These are the type of claims and relief the state courts afford an adequate opportunity to raise on direct appeal, or via a writ of mandate in

8

the state's courts. *See San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose,* 546 F.3d 1087, 1095 (9th Cir. 2008); *Clark v. Lassen Cnty Justice Court*, 967 F.2d 585 at *1 (9th Cir. 1992) (*sua sponte* dismissing federal civil action challenging state court's bail determinations as frivolous pursuant to 28 U.S.C. § 1915(d) [currently codified at 28 U.S.C. § 1915(e)(2)(B)(i)] as barred by *Younger*). Because "only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction . . . until after the jury comes in, judgment has been appealed from and the case concluded in the state courts," *Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972), *Younger* abstention is required here. *ReadyLink*, 754 F.3d at 759; *see also Rivera v. Gore*, No. 3:17-CV-02225-WQH-NLS, 2018 WL 1001252, at *6 (S.D. Cal. Feb. 21, 2018) (*sua sponte* dismissing pretrial detainee's § 1983 claims requesting the "dismissal" of an ongoing criminal proceeding and the "reduction of the bail" on *Younger* abstention grounds).

For the foregoing reasons, Plaintiff's case must be dismissed *sua sponte* based on his failure to state a claim upon which Section 1983 relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); § 1915A(b)(1); *Lopez*, 203 F.3d at 1126–27; *Wilhelm*, 680 F.3d at 1121.

## CONCLUSION & ORDER

For the reasons explained, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 5).

2. **DIRECTS** the Watch Commander of the SDCJ, or their designee, and any "agency having custody" of Plaintiff to collect from his trust account the $26.50 initial partial filing fee assessed by the Order, and to garnish the remainder of the $350 filing fee owed in this case in monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME

AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Watch Commander, San Diego Central Jail, 1173 Front Street, San Diego, California 92106.

4. **DISMISSES** Plaintiff's Complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). Because the Court finds that *Younger* abstention applies, the Court **DENIES LEAVE TO AMEND** as futile. *See Clark v. Superior Court of Cal.*, No. 3:19-cv-00141-LAB-LL, 2019 WL 1114881, at *5 (S.D. Cal. Mar. 11, 2019) (denying *pro se* inmate leave to amend as futile when complaint was barred by *Younger* abstention); *Davis v. Mendes*, No. 13-CV-1817 BEN RBB, 2014 WL 1744137, at *3 (S.D. Cal. Apr. 30, 2014) (denying leave to amend as futile when prisoner's Section 1983 claims were subject to dismissal under § 1915(e)(2) and § 1915A based on absolute immunity and *Younger* abstention).

**IT IS SO ORDERED**

**DATED: June 11, 2019**

Hon. Cynthia Bashant
United States District Judge